IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**TERRY CUNNINGHAM and/or all other residents,**

                 **Plaintiff,**

**v.**

**HSBC MORTGAGE SERVICES,**

                 **Defendant.**

1:07-cv-1346-WSD

**OPINION AND ORDER**

This matter is before the Court on Terry Cunningham's ("Cunningham") Notice of Removal [1] and HSBC Mortgage Services' ("HSBC") Emergency Motion for Remand [3].[1]

HSBC filed this action in the State Court of DeKalb County, Georgia on or around May 21, 2007, alleging Cunningham is a tenant at sufferance of real property located in Conley, Georgia. HSBC sought a dispossessory warrant pursuant to O.C.G.A. § 44-7-50. On June 11, 2007, Cunningham removed the

---

[1] In the underlying state court action, HSBC filed suit against Cunningham, and Cunningham, as defendant, removed this case to federal court. In the parties' filings and on the docket, however, Cunningham is referred to as the plaintiff. The Court notes that Cunningham is the proper defendant in this action, and HSBC is the plaintiff. To avoid confusion, however, the Court will largely refer to the parties by their names.

dispossessory action to this Court. On June 18, 2007, HSBC filed an Emergency Motion to Remand the case back to the State Court of DeKalb County.[2]

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter

---

[2] Normally, the Court would allow the full time provided under the Local Rules for Defendant to respond to Plaintiff's Motion to Remand before ruling on the motion. In this case, however, it is unnecessary for the briefing to be completed. Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). Here, Cunningham's removal to this Court raises a jurisdictional issue which the Court could have addressed *sua sponte* even if HSBC had not filed a Motion to Remand. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte* decide to remand the case for lack of subject matter jurisdiction).

jurisdiction, the case shall be remanded." Id. at § 1447(c). Removal generally is appropriate in three circumstances: (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Cunningham appears to base removal on federal question jurisdiction.[3] (Civil Cover Sheet, attached to Notice of Removal [1].) "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause

---

[3] On the Civil Cover Sheet, Cunningham incorrectly states that the basis of jurisdiction is that the Plaintiff is the United States. The Court presumes Cunningham intends to base jurisdiction on the presence of a federal question because Cunningham states that both parties are citizens of this State, and he claims violations of several federal statutes.

of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate."). HSBC's state court Complaint relies exclusively on state law, and thus does not satisfy the well-pleaded complaint rule. Further, Cunningham fails to demonstrate grounds for the application of any exception to the well-pleaded complaint rule. See, e.g., Alabama v. Conley, 245 F.3d 1292, 1295-99 (11th Cir. 2001). Accordingly, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).[4]

---

[4] HSBC initially requested an award of attorney's fees for the time its counsel spent challenging removal, but withdrew the request the next day. Thus, the Court will not consider the request.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that HSBC's Emergency Motion to Remand [3] is **GRANTED**, and the Clerk of Court is **DIRECTED** to remand this action to the State Court of DeKalb County.

**SO ORDERED**, this 20th day of June, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE